UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GAMEUNIVERSE, LLC,

                    Plaintiff,

        -against-

UNITED STATES OF AMERICA,

                    Defendant.

25-CV-5607 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff GameUniVerse, LLC ("GameUniVerse") brings this action against the United States of America. By order dated July 14, 2025, the Court granted Plaintiff's application seeking to proceed *in forma pauperis* ("IFP"). GameUniVerse, however, cannot proceed IFP. *See Rowland v. California Men's Colony*, 506 U.S. 194, 196 (1993) (holding that only natural persons may proceed IFP under 28 U.S.C. § 1915). Accordingly, the Court vacates its July 14, 2025 order granting GameUniVerse's IFP application.

The Court also dismisses the complaint because GameUniVerse cannot proceed *pro se*. Under 28 U.S.C. § 1654, "corporations, partnerships, or associations [cannot] appear in federal court other[] than through a licensed attorney." *Rowland*, 506 U.S. at 202 (citations omitted). Because GameUniVerse appears *pro se*, the Court must dismiss its claims. This dismissal is without prejudice to GameUniVerse retaining counsel to represent its interests in federal court and filing a new case.

## CONCLUSION

The Court vacates its July 14, 2025 order granting Plaintiff GameUniVerse's IFP application (ECF 7) because artificial entities cannot proceed IFP.

The Court dismisses the complaint without prejudice because GameUniVerse, LLC, a limited liability company, cannot proceed *pro se*.

The Court denies Plaintiff's motion asking the Court to "[p]rocess my Limited Liability Company" (ECF 4) and directs the Clerk of Court to terminate the motion.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter a civil judgment in this action.

SO ORDERED.

Dated:    February 17, 2026
              New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

2